UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kimberly A. Maxson, | Case No.: 2:14-cv-1724-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| Esther C. Rodriguez; Susan Dillow; Rodriguez Law Offices, P.C., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiff Kimberly A. Maxson's Motion to Reconsider. (ECF No 11). For the reasons set forth herein, the Court will deny this Motion.

## I. BACKGROUND

This case centers upon allegations of malpractice against Plaintiff's former attorney, Esther C. Rodriguez. (Compl., ECF No. 1).[1] The Complaint alleges that Defendant Rodriguez represented Plaintiff in a Nevada workers' compensation action in 2011. (*Id.* at 1:16-21). Plaintiff claims that, after various alleged acts of professional misconduct, Defendant Rodriguez withdrew as her counsel. (*Id.* at 2:2-16). Based on the allegations in the Complaint, Plaintiff purports to assert claims for: (1) Legal Malpractice pursuant to Nev. Rev. Stat. § 11.207, (2) Fraud, and (3) "Conspiracy Against Rights." (*Id.* at 1).

On October 20, 2014, the Court ordered that Plaintiff show cause, by November 12, 2014, as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 3). After Plaintiff failed to respond to this Minute Order, the Court dismissed Plaintiff's Complaint on November 19, 2014. (ECF No. 8). In the instant Motion, Plaintiff requests that

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the Court reconsider its dismissal Order.

## II.   DISCUSSION

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Claiming that she did not receive notice of the Court's October 20, 2014 Minute Order, Plaintiff argues that the dismissal of her Complaint should be reconsidered because her claims have merit under various provisions of Nevada law. (Mot., ECF No. 11).  However, whether Plaintiff's claims are adequately supported by Nevada law is immaterial to determining whether the Court has jurisdiction over the instant case.

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). There is a strong presumption against subject matter jurisdiction, and the burden of overcoming this presumption falls upon the party asserting that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

In the instant case, Plaintiff originally asserted that the Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331.  This Section provides, "The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  However, in reviewing the Complaint, the Court was unable to identify which, if any, of Plaintiff's claims arose under the Constitution or federal law.

In her Motion, Plaintiff states that she believes that Defendants committed a "conspiracy against rights" in violation of 18 U.S.C. § 241. (Mot. 6:21-22, ECF No. 11).  However, as 18 U.S.C. § 241 is a criminal statute which does not create a private claim for relief, it does not create a basis for subject matter jurisdiction in the instant case. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Massi v. Walgreen Co.*, No. 13-2950-CMC-PJG, 2015 WL 1020875 (D.S.C. Mar. 9, 2015).  Therefore, after considering the arguments set forth in the instant Motion, the Court finds that Plaintiff has still failed to demonstrate that the Court may exercise subject matter jurisdiction over this case.  Accordingly, as Plaintiff has failed to present new relevant evidence, show clear error, or demonstrate that there has been a change in the controlling law, the Motion will be denied.[2]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 11), is **DENIED**.

**DATED** this 23rd day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[2] The Court admonishes Plaintiff that, in dismissing her Complaint, the Court did not rule upon whether a Nevada state court may exercise jurisdiction over her claims.