UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kimberly A. Maxson, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: 2:14-cv-1724-GMN-PAL |
| vs. | )<br>) **ORDER** |
| Esther C. Rodriguez; Susan Dillow; Rodriguez Law Offices, P.C., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

Pending before the Court are *pro se* Plaintiff Kimberly A. Maxson's Motion for Electronic Filing, (ECF No. 13), Motion to Reopen and Reassign Case, (ECF No. 14), Motions to Expedite the Reopening of the Case, (ECF Nos. 16, 17), and Motion to Waive Fees to Reopen Case, (ECF No. 18). For the reasons set forth herein, the Court will deny these Motions.

**I.   BACKGROUND**

This case centers upon allegations of malpractice against Plaintiff's former attorney, Esther C. Rodriguez. (Compl., ECF No. 1).[1] The Complaint alleges that Defendant Rodriguez represented Plaintiff in a Nevada workers' compensation action in 2011. (*Id.* at 1:16-21). Plaintiff claims that, after various alleged acts of professional misconduct, Defendant Rodriguez withdrew as her counsel. (*Id.* at 2:2-16). Based on the allegations in the Complaint, Plaintiff purports to assert claims for: (1) Legal Malpractice

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

pursuant to Nev. Rev. Stat. § 11.207, (2) Fraud, and (3) "Conspiracy Against Rights." (*Id.* at 1).

On October 20, 2014, the Court ordered that Plaintiff show cause, by November 12, 2014, as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 3). After Plaintiff failed to respond to this Minute Order, the Court dismissed Plaintiff's Complaint on November 19, 2014. (ECF No. 8). Judgment was entered against Plaintiff on November 20, 2014. (ECF No. 9).

On November 24, 2014, Plaintiff filed a Motion to Reconsider the Judgment against her. (ECF No. 11). The Court denied this Motion on March 23, 2015. (ECF No. 12). Plaintiff now requests, *inter alia*, that this case be reopened and reassigned to Judge Andrew Gordon.

## II. DISCUSSION

In the instant Motion, Plaintiff does not argue that the instant case should be reopened as a result of newly discovered evidence, change in the law, or any specific error by the Court. Instead, Plaintiff merely argues that "Judge Gordon has some degree of understanding that the [underlying state court proceedings] have violated my civil rights for over four years." (Mot. to Reopen 3:7-12, ECF No. 14). As this observation does not present a basis upon which the Court could reconsider its prior rulings or reopen this case, Plaintiff's Motion to Reopen and Reassign will be denied. Concordantly, as Judgment has already been entered against Plaintiff, the Court finds no reason to grant Plaintiff leave to file electronically in this action. Therefore, Plaintiff's Motion for Electronic Filing, (ECF No. 13), will be denied.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen and Reassign, (ECF No. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Expedite the Reopening of the Case, (ECF Nos. 16, 17), Motion to Waive Fees to Reopen Case, (ECF No. 18), and Request for Judicial Notice, (ECF No. 23), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Electronic Filing, (ECF No. 13), is **DENIED.**

**DATED** this 28th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court